**Juan RICO–IBARRA, Petitioner–Appellee,**

v.

**Michael B. MUKASEY, Respondent–Appellant.**

**No. 06–74685.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2008.

Filed June 4, 2008.

Michael S. Cabrera, for Juan Rico–Ibarra.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Lance L. Jolley, OIL, DOJ–U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Michael B. Mukasey.

Before: FISHER and PAEZ, Circuit Judges, and CAMPBELL,* District Judge.

MEMORANDUM **

Following the initiation of removal proceedings, Petitioner Juan Rico–Ibarra sought to establish derivative citizenship through his mother. The immigration judge and the Board of Immigration Appeals found that Petitioner was not eligible for derivative citizenship and was removable. Before this court, Petitioner argues that the two derivative citizenship provisions at issue—Immigration and Nationality Act ("INA") § 301(g), 8 U.S.C. § 1401(g) (1956), and INA § 309(c), 8 U.S.C. § 1409(c) (2004)—violate the equal protection component of the Fifth Amendment. We deny the petition for review.

The relevant version of INA § 301(g) grants citizenship to the foreign-born child of a citizen mother who, at the time of the child's birth, had been physically present in the United States for a period of ten years, at least five of which had been after the age of fourteen.[1] Petitioner fails to

---

* The Honorable David G. Campbell, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. INA § 301(g) was amended in 1986 to shorten the residency requirement to five years, at least two of which must have been after the mother turned fourteen. Pub. L. 99–653, Nov. 14, 1986, § 12, 100 Stat. 3657. The amendment applies only to persons born on or after November 14, 1986. Pub. L. 100–525, Oct. 24, 1988, § 8(r), 102 Stat. 2619. Because Petitioner was born in 1967, the amendment does not apply and he must prove

qualify for citizenship under this provision because his mother was fifteen at the time of his birth and therefore had not been physically present in the United States for at least five years after the age of fourteen. Petitioner contends that this provision violates his and his mother's rights to equal protection, and is subject to heightened scrutiny because it interferes with his mother's fundamental right to procreate.

 INA § 309(c) confers citizenship on the foreign-born child of an unmarried citizen mother who, at the time of the child's birth, had been physically present in the United States for one continuous year. Petitioner does not qualify under this provision because his mother was married at the time of his birth. Petitioner contends that this provision interferes with his right to equal protection because it discriminates between the children of mothers who were married and those whose mothers were not married, and is subject to heightened scrutiny because it interferes with his mother's fundamental right to marry.

Assuming without deciding that Petitioner has standing to assert his mother's rights as well as his own, we conclude that Petitioner's equal protection claims and his mother's must be reviewed under a rational basis standard. Constitutional challenges otherwise triggering heightened scrutiny are, in the immigration context, reviewed for a rational basis. *See Runnett v. Shultz*, 901 F.2d 782, 787 (9th Cir.1990); *see also Barthelemy v. Ashcroft*, 329 F.3d 1062, 1065 (9th Cir.2003).

 Both of the provisions challenged by Petitioner survive rational basis review. We have recognized that the residency requirements in INA § 301(g) and similar statutes are intended to ensure that foreign-born citizens have substantial ties to

citizenship under the pre-amendment § 301(g).

the Untied States. *See Runnett*, 901 F.2d at 785. This justification is sufficiently plausible to withstand rational basis scrutiny. *See FCC v. Beach Communications*, 508 U.S. 307, 313–14, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993) (where there are plausible reasons for Congress' action, rational basis scrutiny is satisfied); *cf. Uribe–Temblador v. Rosenberg*, 423 F.2d 717, 718 (9th Cir.1970) (finding predecessor to INA § 301(g) sufficiently reasonable to withstand constitutional due process scrutiny). We have also held that illegitimacy requirements like those in INA § 309(c) survive rational basis review. *See Runnett*, 901 F.2d at 787.

**DENIED.**